UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**MICHAEL HAULSEE AND MARCIA HAULSEE,**

    Plaintiff**,**

vs.

**DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee**

    Defendant**.**

_____/

CASE NO: _____

(Formerly Bay County Circuit Court Case No. 2020-001663-CA)

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, **DEUTSCHE BANK NATIONAL TRUST COMPANY, erroneously identified "AS TRUSTEE" for an unspecified trust** ("DBNTC" or "Defendant"), hereby removes the action currently pending in the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida, Case No. 2020-001663-CA (the "State Court Action"), to the United States District Court for the Northern District of Florida, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331. Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 as more fully set forth below.

**I.**     **BACKGROUND & CONDITIONS OF REMOVAL**

1. This matter arises out of Plaintiffs' dispute over a Note and Mortgage executed by Plaintiffs in favor of Defendant's predecessor secured by real property

located at 2900 Pelham Road North, St. Petersburg, Florida 33710 (the "Property"). (*See* Complaint ¶3).

2. Plaintiffs, Michael and Marcia Haulsee, are citizens and residents of Pinellas County, Florida.

3. Defendant is a national banking association organized under the laws of the United States with its principal place of business in Santa Ana, California.

4. Venue is proper in the United States District Court Northern District of Florida because the case is being removed from the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida.

5. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert defenses, counterclaim, or to seek transfer to the Middle District of Florida as this action arises out of a dispute in Pinellas County rather than Bay County. (*See again* Complaint, ¶3).

6. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days from the date of Defendant's receipt of the initial pleading. Defendant was not served with process in this matter and has filed a Motion to Quash Service of Process in relation thereto.

7. Defendant discovered this matter on or about December 16, 2020 through an online records search prompted by the discovery of similar matters filed

by Plaintiff's counsel, Lee Segal, Esq., that likewise resulted in improper defaults and/or judgments by default due to lack of service of process on Defendant.

8. This action is not a non-removable action as described under 28 U.S.C. § 1445.

9. Pursuant to 28 U.S.C. § 1446(a), a true and correct copies of all process and pleadings available to counsel as of this date are attached hereto as **Composite Exhibit "A."**

10. In accordance with 29 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Defendant has served Plaintiffs with a copy of this Notice of Removal and has filed a Notice of Filing Notice of Removal with the Clerk of the Court for the Fourteenth Judicial Circuit in Bay County, Florida. A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as **Exhibit "B."**

## II. THE COMPLAINT

11. Plaintiffs have sued Defendant under the "Civil Remedies for Criminal Practices Act" (Fla. Stat §772.101, et. seq.) and for misrepresentation/slander of title in the procurement of the Uniform Final Judgment of Foreclosure ("Final Judgment") in Pinellas County by *Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS4* ("DBTCA as Trustee").

12. Plaintiffs nakedly conclude that Defendant is the "alter ego" for DBTCA as Trustee. (Complt. ¶14).

13. Plaintiffs originally filed this identical cause of action against DBTCA as Trustee in Okaloosa County under the matter styled, *Michael and Marcia Haulsee v. Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS4*, Case No. 2020-CA-002507 F ("Okaloosa Action"). The Okaloosa Action was removed to Federal Court on September 15, 2020 and transferred sua sponte to the Middle District of Florida, Tampa Division.

14. In 2015, DBTCA as Trustee initiated a foreclosure action against Plaintiffs in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Case No. 15-2225-CI, which proceeded to trial in October 2018 and resulted in the Final Judgment in favor of DBTCA as Trustee against Plaintiffs in the amount of $1,667,704.07. (*See* Complaint ¶¶ 3, 13 & 36; *see also* Final Judgment, attached hereto as "**Exhibit C**").

15. The Final Judgment was *per curiam* affirmed by the Second District Court of Appeals on August 14, 2020. *See* Opinion entered in Appellate Case No. 2D19-137, attached hereto as "**Exhibit D**."

16. Yet, on August 17, 2020, just three days after the Second District affirmed the Final Judgment, Plaintiffs initiated the Okaloosa Action. And, upon

4

removal of the Okaloosa Action to Federal court, Plaintiffs filed *this* State Court Action seeking a new audience to review the trial evidence and findings of the Pinellas County trial court which yielded the affirmed Final Judgment[1] *in favor of DBTCA, as Trustee*.

17. This State Court Action repeatedly challenges **DBTCA as Trustee**'s status as owner and holder of the Note and Mortgage that are at issue in this case, the Okaloosa case, and that were the basis of Final Judgment in Pinellas County. (*See* Complaint, ¶¶ 10, 16, 18, 21 (each denying the foreclosure court's finding that DBTCA, as Trustee was the owner or holder of the Note)).

III. <u>LEGAL STANDARD -GROUNDS FOR REMOVAL</u>

18. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States…where such action is pending."

19. Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

**(1)** citizens of different States;

---

[1] Inexplicably, this action was filed in the Fourteenth Judicial Circuit of Bay County, Florida, despite: (a) the complete absence of any connection to Bay County, and (b) Plaintiffs' claim in the Okaloosa Action that jurisdiction was proper in Okaloosa County for the same facts, events and causes of action.

> **(2)** citizens of a State and citizens or subjects of a foreign state;
>
> **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> **(4)** a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States.

20. This Court has original jurisdiction on the basis of diversity and amount in controversy. *See* 28 U.S.C. § 1332. The parties are diverse because they are citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

21. "Removal is proper if the defendant proves, by a preponderance of the evidence, the amount in dispute exceeds $75,000." *Luch v. Scottsdale Ins. Co.,* No. 17-21507-CIV, 2017 WL 5643314, at *1 (S.D. Fla. June 9, 2017) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014)). Also, "when a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).

   **A.   Diversity Of Citizenship Exists.**

22. Plaintiffs, Michael and Marcia Haulsee, are citizens and residents of Pinellas County, Florida.

23. Defendant, DBNTC, is a national banking association organized under the laws of the United States with its principal place of business in Santa Ana, California. *See* **Exhibit "E"**.

6

24. Because the parties are citizens of different states, diversity exists.

**B.     Amount in Controversy Exceeds $75,000.**

25. Plaintiffs in this matter seek treble damages that include "the value of the Property and the attorney's fees and costs incurred defending the [Foreclosure action]". (*See again* Complaint, ¶¶ 40-41).

26. As evidenced by the Final Judgment, as well as the Mortgage referenced in Paragraph 3 of the Complaint, the value of the Property exceeds $1,000,000. In fact, the principal balance due under the Note and secured by the Mortgage was $999,999.00, which demonstrates the value of the Property when the parties' relationship arose. (*See again* Exhibit C); *see also Diversified Mortg., Inc. v. Merscorp, Inc.,* No. 8:09–cv–2497, 2010 WL 1793632, at *2 (M.D. Fla. 2010) (holding that the face value of the mortgages can be used to determine the amount in controversy).

27. In this matter, because Plaintiffs seek three times the value of the Property, plus attorney's fees, the amount in controversy in this matter exceeds $3 Million Dollars and thus meets the amount in controversy threshold under 28 U.S.C. § 1332.

**III.   CONCLUSION**

28. Removal of this case is timely and appropriate, and this Court has jurisdiction over the claims based upon diversity of citizenship. Defendant

respectfully requests that this Court take jurisdiction over this matter and remove this action from the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida to the United States District Court for the Northern District of Florida without waiver of DBNTC's right to further seek transfer to the Middle District of Florida as this action arises out of a dispute in Pinellas County rather than Bay County.

**WHEREFORE,** Defendant respectfully requests that the aforesaid action now pending in the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida, Case No. 2020-001663-CA be removed to this Honorable Court.

| | |
|---|---|
| Dated: January 12, 2021 | Respectfully Submitted, |
| Jason H. Okleshen, Esq.<br>Florida Bar No. 496170<br>Okleshenj@gtlaw.com<br>Greenberg Traurig, P.A.<br>777 S. Flagler Drive, Suite 300 East<br>West Palm Beach, FL 33401<br>Telephone: (561) 650-7915<br>Facsimile: (561) 655-6222 | Beth A. Norrow, Esq.<br>Florida Bar No. 061497<br>norrowb@gtlaw.com<br>**Greenberg Traurig, P.A.**<br>450 S. Orange Avenue, Suite 650<br>Orlando, Florida 32801<br>Telephone: (407) 420-1000<br>Facsimile: (407) 420-5909<br>Secondary email: dunnla@gtlaw.com;<br>flservice@gtlaw.com<br><br>By: /s/ *Beth A. Norrow*<br>     Beth A. Norrow, Esq. |

*Counsel for Deutsche Bank National Trust Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 12, 2021, a true and correct copy of the foregoing was filed with the CM/ECF e-filing system which will send a notice of electronic service to:

| | |
|---|---|
| Carla Turner-Hahn, Esq. | Matthew D. Wolf |
| 615 Whisper Woods Dr. | 3310 W. Cypress St., Ste. 206 |
| Lakeland, FL 33813 | Tampa, FL 33607 |
| carlathahn@gmail.com | matt@iwfirm.com |

/s/ *Beth A. Norrow*
  Beth A. Norrow